T.C. Memo. 2020-14

UNITED STATES TAX COURT

DEAN LEE CHRISTENSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23359-15.                    Filed January 15, 2020.

Dean Lee Christensen, pro se.

<u>R. Craig Schneider</u> and <u>David W. Sorensen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a deficiency in petitioner's

Federal income tax of $6,918 for the 2012 taxable year and an accuracy-related

penalty under section 6662(a).[1]  After concessions, the remaining issue for

_____

[1]All section references are to the Internal Revenue Code in effect for the
<span style="float:right">(continued...)</span>

[*2] consideration is whether petitioner is entitled to various deductions claimed on Schedule A, Itemized Deductions, for unreimbursed employee business expenses. At trial respondent conceded that petitioner is not liable for the section 6662(a) penalty.

FINDINGS OF FACT

Petitioner resided in Nevada when he filed his petition. During 2012 he resided in Roxboro, North Carolina, and was employed as a part-time professor for Piedmont Community College (Piedmont), where he taught classes in general education, psychology, technology, and humanities. During 2012 he received $13,306 in wages from Piedmont. The total income reported on his 2012 return was $72,948. In addition to the $13,306 in wages, petitioner had the following items of income: IRA distributions of $37,913; pensions and annuities of $9,285; a State income tax refund of $849; interest income of $50; and $11,545 of Social Security benefits.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2012. On an attached Schedule A he reported unreimbursed employee business expenses of $35,540 of which $34,081 was claimed as deductions after statutory

[1](...continued)
year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3] reductions. Respondent disallowed the $34,081 of deductions and made one other $1 adjustment to Social Security income, all of which resulted in a $6,918 income tax deficiency determination. The employee business expense deductions claimed can be broadly categorized into two generalized types: those concerning petitioner's teaching position at Piedmont and those related to CYBER Learning Corp. (CYBER).

Petitioner, Catherine Dunnagan, and another person formed CYBER in 1994 to create software and other products to help potential clients to perform training and education. Just before Ms. Dunnagan passed away during 2010, she asked petitioner to use the money he would inherit from her to continue the work of CYBER.

Petitioner kept the corporate entity intact, but, unfortunately, CYBER had not had a contract (customer) since 2006 and from that point had no income through 2012, the tax year under consideration. CYBER's primary business purpose was to obtain Government and private contracts to produce educational and training software. Before 2006 CYBER's last contract had been in 2000. Petitioner received no wages, dividends, capital gain, or other income from CYBER in 2012. During 2012 petitioner was the president, sole shareholder, and sole employee of CYBER. For purposes of the expense deductions claimed on his

**[*4]** 2012 tax return, he reported that he was not acting in the capacity of shareholder or officer but only in the self-designated role of CYBER's employee with the job of researching and developing possible leads to new contracts.

I. Mileage

On Form 2106-EZ, Unreimbursed Employee Business Expenses, petitioner claimed a deduction of $18,565 for 33,450 business vehicle miles driven, zero commuting miles driven, and 4,550 "other" miles driven. Petitioner chose to drive rather than fly for many of his cross-country trips for personal reasons.

A. Piedmont Mileage

Piedmont had two campuses: (1) the Person County campus (Person campus) in Roxboro, North Carolina, and (2) the Caswell County campus (Caswell campus) in Yanceyville, North Carolina. The two campuses were 24.4 miles apart, and petitioner lived approximately one mile from the Person campus.

Petitioner traveled to his office at the Person campus at the beginning of every workday irrespective of which campus he was working at in order to retrieve his class rosters. He also returned to the Person campus at the end of every day to lock the class rosters in his office. He made this trip regardless of which campus he began or ended his teaching day at. Piedmont did not require its teachers/ professors to store the class rosters in a secure place. Petitioner did so because he

[*5] felt it was important to protect the personal information of his students included on the rosters (i.e., addresses, telephone numbers, and in some cases Social Security numbers).

Because of his personal concerns, petitioner traveled to the Person campus at the beginning and end of each teaching day no matter which campus he taught at on any particular day. He claimed round-trip mileage of 48.4 miles for each day he taught, totaling 6,397 miles for 2012. Petitioner did not teach at both campuses every teaching day. During the 2012 spring semester, petitioner's class schedule alternated between whether he would teach at one campus or the other and sometimes he would broadcast his lecture live from one campus to the other as part of a distance learning program. Petitioner was unable to determine from his records or remember which days during 2012 he was scheduled to teach at only one campus, except that: (1) Fridays during the 2012 spring semester petitioner taught only at the Caswell campus and (2) Tuesday during the 2012 fall semester he taught only one class at the Caswell campus. Petitioner on some days did not travel between the two campuses. Petitioner's Piedmont mileage records report the 48.8 miles on some days when other travel records reflected that he was not at the Piedmont campus.

**[*6]** B.  CYBER Mileage

During 2012 petitioner claimed business mileage deductions for various cross-country trips.  A number of the trips were made to Fallon, Nevada.  Per petitioner's explanation, he was looking into relocating CYBER and searching for possible business opportunities.  Petitioner did not explain why it was necessary or why he wanted to move CYBER from North Carolina to Nevada.  Petitioner's friend who later became his wife lived in Fallon, Nevada, and petitioner visited her during each trip made there during 2012.  Petitioner made two trips to Oregon to meet with a former programmer of CYBER.  Petitioner did not provide a specific business purpose for the meetings with the former programmer other than stating that he was an amazing programmer who did not like to communicate by phone or email.

Petitioner made a trip to Plymouth, Minnesota, for meetings he held on Christmas Eve and Christmas Day.  Additionally, he made a trip to Greenville, North Carolina for a "meeting conference".  Petitioner did not provide any further information on the host or the subject of the conference.  Petitioner also reported 3,678 kilometers of business mileage in Bergen, Norway.  Petitioner did not own a car in Norway, and there is no evidence of a car rental in Norway.  He conceded during his trial testimony that the Bergen mileage was not a business expense.

[*7] II.  Travel Expenses While Away From Home

On Form 2106-EZ, petitioner claimed total travel expense deductions of $13,282 for travel away from home which consisted of two trips:  one to Bergen, Norway, and the other to Costa Rica.

A.  Norway

CYBER signed a cooperative agreement with the University of Bergen during 1994.  Petitioner traveled to the University of Bergen in Norway several times during the late 1990s and early 2000s.  Petitioner traveled to the University of Bergen from about June 1 through July 21, 2012, to conduct research and to help write an article on System Dynamics applied to education.

Petitioner provided two separate expense reports covering nearly the same dates with two different totals for the trip to Norway.  He did not provide an explanation for the discrepancy.  The expense reports consisted of two categories titled (1) Paid To and (2) Travel Amount.  However, the expense reports did not state the business purpose of the trip or the places traveled to as required by CYBER's reimbursement policy.  Petitioner could not be reimbursed by CYBER for the travel away from home and the mileage because CYBER had no money to pay him.

**[*8]** B. <u>Costa Rica</u>

During 2012 petitioner went on a trip to Costa Rica. The trip was an ecological and cultural study trip sponsored by Piedmont for the students and faculty. Petitioner submitted an expense report to CYBER for reimbursement of the expenses for this trip.

III. <u>Communications and Office Supplies</u>

On his 2012 return petitioner claimed a deduction of $1,798 for "communications" and $1,895 for office supplies in connection with his CYBER activity. Included in the deducted amounts were expenditures for large-screen televisions with HDMI cable inputs, speakers, Kindles, and iPads.

OPINION

Respondent's contentions with respect to the disallowed deductions are that petitioner has not shown that the underlying expenses were ordinary and necessary or reasonable business expenses and/or that petitioner has not adequately substantiated them. Petitioner asserts that the various trips were required in order to research possible leads on new contracts for CYBER and that his testimony and documentation substantiate and justify the claimed deductions.

Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to any claimed deduction. Rule 142(a); <u>INDOPCO,</u>

[*9] Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers must maintain records sufficient to allow the Commissioner to determine their correct tax liabilities. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, taxpayers bear the burden of substantiating the amount and purpose of each item for which they claim a deduction. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year. The taxpayer must show that a reported business expense was incurred primarily for business rather than personal reasons and that there was a proximate relationship between the expense and the business. See Walliser v. Commissioner, 72 T.C. 433, 437 (1979). A taxpayer's personal expenses are not deductible. See sec. 262.

An ordinary expense is one of common or frequent occurrence in the type of business involved. See Boser v. Commissioner, 77 T.C. 1124, 1132 (1981), aff'd per order (9th Cir. Dec. 22, 1983). A necessary expense is appropriate and helpful in carrying on the trade or business. Heineman v. Commissioner, 82 T.C. 538, 543 (1984). "Necessary" has been construed to mean appropriate or helpful, not indispensable or required. Ford v. Commissioner, 56 T.C. 1300, 1306 (1971),

**[*10]** aff'd, 487 F.2d 1025 (9th Cir. 1973); see also Boser v. Commissioner, 77 T.C. at 1132.

Even if an expense is ordinary and necessary, it is deductible under section 162 only to the extent it is reasonable in amount. Gill v. Commissioner, T.C. Memo. 1994-92, aff'd without published opinion, 76 F.3d 378 (6th Cir. 1996); Brallier v. Commissioner, T.C. Memo. 1986-42.

Piedmont Mileage--Respondent contends that petitioner was commuting from his home to his two teaching positions for Piedmont, neither of which was more than 25 miles from his home. Respondent also contends that petitioner's travel log and records regarding Piedmont were inadequate. Petitioner contends that he was not commuting from his home but traveling from one teaching location to the other, which is not commuting. He explains that the records he maintained regarding his students contained personal information that he kept locked up at the teaching location where he had an office. So he contends that he had to always travel first to the school where his office was to pick up the records before going to the second teaching location.

Employee expenses for travel from home to work are generally not deductible under section 162(a). Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). They are considered personal, living, or family expenses. See sec. 262(a).

[*11] Travel from a taxpayer's home, which in this case is petitioner's "tax home", is considered commuting and is not deductible. The schools at which petitioner taught were 1 mile and about 25 miles from his home, and as an employee of Piedmont he would not be able to deduct his travel expenses. Because petitioner was not required by Piedmont to lock up the student records at one of the campuses or otherwise to stop at one of the campuses before traveling to the other and it was his personal decision to do so, his trips between the two campuses would not be converted to an employee business.

CYBER Mileage and Travel Away From Home--Petitioner claims that costs for several trips by vehicle during 2012 were employee business expenses he incurred as an employee of CYBER. He also claims that he incurred expenses on a trip to Norway and a trip to Costa Rica as an employee of CYBER.

Petitioner contends that those trips and mileage were in furtherance of business of CYBER. He is claiming them, however, as employee business expenses. Respondent contends that petitioner's business mileage and trips away from home were not ordinary and necessary. He further argues that petitioner's mileage and trips away from home were unreasonable because CYBER was insolvent in 2012 and had been without a source of income since 2006. Petitioner concedes that CYBER was insolvent in 2012 but argues that it is his right to

[*12] pursue his business even if he does not succeed. Although petitioner testified that some business-related activity occurred on his business trips, his testimony was vague and self-serving. For example, petitioner's friend and now wife lived in Fallon, Nevada, and he visited her during each trip. Similarly, his trip to Plymouth, Minnesota, for "business" meetings occurred during the Christmas holidays with the daughter of his former business partner. Thus, it appears that there was a significant element of personal pleasure, recreation, or vacation in petitioner's various trips during 2012 and that this element was the primary reason for these trips.

Automobile, travel, and entertainment expenses are subject to more rigorous substantiation requirements under section 274(d). To deduct any of these expenses, petitioner must substantiate: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship of the recipient to petitioner at the time each expense was incurred. See id. Each element must be substantiated by adequate records or other sufficient evidence corroborating petitioner's own statement. See id.

Petitioner provided logs and records of his business mileage and travel away from home expenses; however, they are vague and at times contradictory. For

**[*13]** example, the mileage and travel log vaguely describe almost every trip as "business" or "conference". The Piedmont mileage logs indicate that petitioner traveled to and from each campus on the same dates that he reported business mileage for a trip to Nevada. These documents fall short of satisfying the strict requirements of section 274(d).

Petitioner reported 28,010.3 miles of vehicle travel. Over half of those miles were to Fallon, Nevada, where he was becoming reacquainted with a friend who he subsequently married. Petitioner claimed that this travel was for "New Business Opportunities", but he did not explain who he was seeing that could provide business opportunities for CYBER. For each of these trips to Nevada and other locations, petitioner used broad generic explanations such as the above and did not provide any specifics, in either the records or his testimony, of efforts to generate business or about people with whom business was discussed. The pattern of the trips throughout 2012 is repetitive, i.e., to the same locations to see the same people with whom petitioner had a personal connection. There are not specific business reasons for these trips in the record of this case. See Walliser v. Commissioner, 72 T.C. at 437.

The other person petitioner visited during 2012 was a former employee of CYBER, who had not worked for the company since 2006. Again petitioner did

**[*14]** not show how those trips would benefit or generate business for CYBER. In short, none of the records or testimony offered satisfy the requirements of section 274(d), such as business purpose, how the people or places visited served that purpose, and so on. Accordingly, there has been no showing the travel was ordinary, necessary, and reasonable as required by section 162.

The variation in reported costs of travel to Bergen, Norway, and other European cities, $16,904.94 as shown in Exhibit 4P or $25,848.90 as shown in Exhibit 15R, evidences an $8,943.96 discrepancy in petitioner's records. Respondent sets forth four reasons deductions are not allowable. In particular (1) they do not comply with CYBER's reimbursement plan, so they were not necessary employee business expenses if they could have been reimbursed by CYBER;[2] (2) the information provided in petitioner's expense reports does not meet the higher standard of substantiation of section 274(d); (3) petitioner's records have duplications and discrepancies; and (4) CYBER has had no contracts or income for six years and it is not ordinary or necessary to incur many thousands of dollars in travel expenses without a contract or prospect of payment.

---

[2]An employee's performance of services is a trade or business. Primuth v. Commissioner, 54 T.C. 374 (1970). An employee expense is not deductible as ordinary and necessary if it was subject to reimbursement by an employer. Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

[*15] We agree with respondent's analysis and supporting authority with respect to the travel issues.

Software and Hardware Items Purchased by Petitioner--Petitioner claimed expense deductions for the purchase of items for CYBER during 2012 including large screen televisions with HDMI cable inputs, speakers, Kindles, and iPads. Respondent argues that these are capital items and not deductible as operating expenses. In addition, if these were expenditure for the corporation paid by a shareholder, they are not considered ordinary and necessary expenses of the shareholder. See Deputy v. DuPont, 308 U.S. 488, 493-494 (1940). In effect petitioner is making a capital contribution to CYBER, which would not be deductible as an employee business expense. Moreover, CYBER is an empty shell with no customers or source of income for several years before the year under consideration.

We accordingly sustain respondent's disallowance of all Schedule A deductions petitioner claimed on his 2012 income tax return.

**[\*16]** To reflect the foregoing and respondent's concession of the section 6662(a) penalty,

<u>Decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the section 6662(a) penalty</u>.