# United States Tax Court

T.C. Memo. 2024-62

ALAN HAMEL AND ESTATE OF SUZANNE HAMEL, DECEASED,
ALAN HAMEL, SPECIAL ADMINISTRATOR,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 20882-21.                         Filed June 3, 2024.

————

*Kenneth M. Barish* and *Steven Ray Mather*, for petitioners.

*Matthew R. Delgado* and *Heather L. Lampert*, for respondent.

## MEMORANDUM OPINION

WEILER, *Judge*: Before this Court are respondent's Motion to Dismiss for Lack of Jurisdiction as to Penalties, filed on August 8, 2023, and his Motion for Summary Judgment, filed on September 22, 2023. Respondent also filed a Memorandum in Support of Motion for Summary Judgment on September 22, 2023. On September 22, 2023, Alan Hamel in his personal capacity, and as special administrator for the Estate of Suzanne Hamel (collectively petitioners), filed a Motion for Summary Judgment, a Declaration by Clifton Lamb in Support of Motion for Summary Judgment, and a Memorandum in Support of Motion for Summary Judgment. The parties also filed a First Stipulation of Facts. Each party has filed a Response to the other's respective Motion for Summary Judgment opposing the relief sought therein.

For the reasons set forth below, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction as to Penalties and Motion for

[*2] Summary Judgment and deny petitioners' Motion for Summary Judgment.

*Background*

The following facts are derived from the parties' pleadings and motion papers, including the Stipulation of Facts, Declaration, and Exhibits attached thereto. These facts are stated solely for the purpose of deciding the above-referenced Motions and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

On December 20, 2005, respondent issued a Notice of Final Partnership Administrative Adjustment (FPAA) to AH Investment Holdings, Inc. (AH Investment), the tax matters partner of Palm Canyon X Investments, LLC[1] (Palm Canyon), determining adjustments to the partnership items of Palm Canyon for its tax year 2001. On March 20, 2006, AH Investment timely petitioned this Court, at Docket No. 5610-06, challenging the FPAA determinations. We issued our opinion in the TEFRA partnership-level proceeding for Palm Canyon on December 15, 2009, sustaining respondent's adjustments as set forth in the FPAA. *See Palm Canyon X Invs., LLC v. Commissioner*, T.C. Memo. 2009-288, 2009 WL 4824326, *aff'd*, No. 16-1334, 2018 WL 1326394 (D.C. Cir. Feb. 16, 2018). On April 10, 2018, the U.S. Court of Appeals for the District of Columbia Circuit affirmed its judgment dated February 16, 2018. The decision in *Palm Canyon* became final on May 17, 2018, which was the date 90 days after February 16, 2018. We incorporate our findings of fact in *Palm Canyon* herein by this reference.

On July 28, 2004, before the issuance of the FPAA to AH Investment respondent notified Alan and Suzanne Hamel (Hamels) that their 2001 Form 1040, U.S. Individual Income Tax Return, had been selected for examination related to Palm Canyon. On January 20, 2006, the Hamels submitted Form 13750, Election to Participate in Announcement 2005-80 Settlement Initiative, on which they identified their reported losses from both Palm Canyon and Thighmaster World Corp. (Thighmaster), a subchapter S corporation wholly owned by Mr. Hamel. On August 13, 2007, as part of the *Palm Canyon* litigation, the parties submitted a stipulation of facts which included computations of

---

[1] Palm Canyon is limited liability company (LLC) treated as a partnership under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, for federal income tax purposes.

**[\*3]** the Hamels' tax liability resulting from the Palm Canyon partnership item adjustments. On December 8, 2016, respondent issued a Notice of Computational Adjustment to the Hamels for their 1996 and 2001 tax years, which computed additional taxes owed on the basis of the adjustments determined in the *Palm Canyon* proceeding.

This case arises from two notices of deficiency dated March 12, 2021, in which respondent determined deficiencies for the Hamels' tax years 1996 and 2001 (years at issue) of $399,742 and $1,565,086, respectively, and accuracy-related penalties under section 6662(a) and (h)[2] of $159,897 and $626,034, respectively. These deficiencies are attributable to items affected by changes to the partnership items of Palm Canyon. The Hamels resided in California when they timely filed their Petition. Suzanne Hamel passed away on October 15, 2023, after the Petition was filed.

*Discussion*

I. *Legal Background*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We are without authority to enlarge upon that statutory grant. *See Phillips Petroleum Co. & Affiliated Subs. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to decide whether we have jurisdiction. *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021).

II. *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001); *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). However, it is not a substitute for trial; it should not be

---

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*4] used to resolve genuine disputes over material factual issues. *Elec. Arts. Inc.*, 118 T.C. at 238. When determining whether to grant summary judgment, we must view factual materials and inferences drawn therefrom in the light most favorable to the nonmoving party. *See FPL Grp., Inc. & Subs.*, 116 T.C. at 75; *Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *Sundstrand Corp.*, 98 T.C. at 520.

III. *Summary of the Parties' Arguments*

    A. *Respondent's Argument*

In his Motion to Dismiss for Lack of Jurisdiction as to Penalties respondent concedes that this Court has jurisdiction in this partner-level proceeding to redetermine certain issues with respect to adjustments made to the Hamels' taxable income for the years at issue. However, respondent contends that the Court lacks jurisdiction over the portion of this case relating to section 6662 penalties, since those penalties were determined in a prior TEFRA partnership-level proceeding, and the deficiency procedures of the Code do not apply.

In his Motion for Summary Judgment respondent argues that he is entitled to summary adjudication since the notices of deficiency issued to the Hamels concern items related to partnership items of Palm Canyon and the deficiency was challenged in the prior TEFRA proceedings before this Court and the D.C. Circuit. According to respondent, if this Court does not grant his Motion to Dismiss for Lack of Jurisdiction as to Penalties, the Court should treat his Motion for Summary Judgment as a motion for partial summary judgment on the period of limitations and income tax issues. Finally, respondent avers that on the basis of the prior partnership-level proceedings, the pleadings in this case, and the stipulations between the parties, there is no dispute as to any material fact, and he is entitled to judgment as a matter of law.

    B. *Petitioners' Argument*

Petitioners argue that the Court should grant summary adjudication in their favor on the grounds that the notices of deficiency were issued after the expiration of the applicable periods of limitations, and therefore respondent's adjustments are time barred.

**[\*5]**   Relying on sections 6501 and 6229 petitioners contend that the periods of limitations to assess deficiencies for the years at issue expired on May 17, 2019, which was one year and 90 days from the date on which the D.C. Circuit's judgment was entered in *Palm Canyon*. Petitioners dispute respondent's reliance on section 6229(e) and contend that the Hamels were not "unidentified partners" on or after March 12, 2020, which was the date one year prior to the issuance of the notices of deficiency in this case.

IV.   *Analysis*

A.   *Our Jurisdiction to Consider Section 6662 Penalties in this Case*

First, we must determine whether we have jurisdiction to consider petitioners' challenge to the penalties (in whole or in part) in this proceeding. The answer to this question turns largely on whether respondent's adjustments arise from partnership-level or partner-level items. It is undisputed that the underlying deficiencies and penalties were based on the "affected items" determined in a partnership-level proceeding before this Court. *See Palm Canyon X Invs., LLC v. Commissioner*, 2009 WL 4824326.

In our prior opinion, *id.* at \*38–39, we sustained all of respondent's adjustments made in the FPAA, including the applicability of penalties under section 6662. Accordingly, we find that the adjustments in the notices of deficiency arise from partnership items of Palm Canyon for tax year 2001.[3]

It is undisputed that respondent sent notices of deficiency to the Hamels regarding deficiencies and penalties arising out of these partnership items previously determined by this Court. Generally, there are two different types of affected items described in section 6230(a). The first type requires only a computational adjustment at the partner level, which must be made at the conclusion of the partnership-level proceeding. *See* I.R.C. § 6230(a)(1); *Woody v. Commissioner*, 95 T.C. 193,

---

[3] As discussed in our *Palm Canyon* opinion, the operating agreement of Palm Canyon was amended on October 19, 2001, creating a partnership. During the partnership year at issue Palm Canyon acquired Canadian dollars for $1,000 which were then distributed to the Hamels through AH Investment, reflecting a tax basis of $5 million. Ultimately, Thighmaster claimed a $5 million loss derived from AH Investment on its 2001 Form 1120S, U.S. Income Tax Return for an S Corporation, and a $1,900,000 flowthrough ordinary loss was claimed on the Hamels' 2001 Form 1040.

**[\*6]** 201–02 (1990). For this type of affected item the Commissioner is not required to send a notice of deficiency to the individual partner because the deficiency determination is merely computational. *Woody*, 95 T.C. at 202.

The second type of affected item is one that is dependent upon factual determinations (other than a computational adjustment)[4] relating to an adjustment made at the partner level. I.R.C. § 6230(a)(2); *Woody*, 95 T.C. at 202. In circumstances involving this latter type of affected item the Commissioner is obligated to issue a notice of deficiency to the partner for the affected item after the partnership proceeding. *Woody*, 95 T.C. at 202.

Petitioners dispute respondent's Motion to Dismiss for Lack of Jurisdiction as to Penalties and contend that we do have jurisdiction to consider these penalties. Petitioners argue that Congress amended sections 6221 and 6230(a) in 1997 making penalty determinations for both partnership and computational affected items part of partnership-level proceedings. Moreover, penalty determinations on substantive affected items are subject to partner-level deficiency proceedings.

Petitioners point us to the change in section 6221 made by Congress after enactment of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1238(a), 111 Stat. 788, 1026. Before the 1997 amendment section 6221 provided in part:

> Except as otherwise provided in this subchapter, the tax treatment of any partnership item shall be determined at the partnership level.

After the 1997 amendment section 6221 provided in part:

> Except as otherwise provided in this subchapter, the tax treatment of any partnership item (*and the applicability of any penalty, addition to tax, or additional amount which*

---

[4] The term "computational adjustment" means the change in the tax liability of a partner which properly reflects the treatment of a partnership item. *See* I.R.C. § 6231(a)(6). A computational adjustment can include a change in a partner's tax liability with respect to affected items that do not require partner-level determinations. Treas. Reg. § 301.6231(a)(6)-1(a)(2). Computational adjustments for this type of affected item are not subject to the deficiency procedures of the Code and are directly assessed. *Id.*

**[\*7]**   *relates to an adjustment to a partnership item*) shall be
determined at the partnership level.

(Emphasis added.)

Under a plain reading of the newly enacted wording, the effect of
the amendment was to remove partnership-item penalties from
deficiency procedures effective for partnership tax years ending after
August 5, 1997. *See Domulewicz v. Commissioner*, 129 T.C. 11, 21–22
(2007), *aff'd in part, remanded in part sub nom. Desmet v.
Commissioner*, 581 F.3d 297 (6th Cir. 2009); *see also* H.R. Rep. No 105-
220 (1997) (Conf. Rep.), *reprinted in* 1997-4 C.B. (Vol. 2) 1457. We find
the foregoing text and change to undermine petitioners' argument and
confirm our prior holdings. *See Domulewicz*, 129 T.C. at 22.[5] Therefore,
the change in the law is of no benefit to petitioners here. After
consideration of the changes made to section 6221 under the Taxpayer
Relief Act of 1997, we remain convinced that we do not have jurisdiction
to consider the Hamels' section 6662 penalties.

Petitioners contend that Temporary Treasury Regulation
§ 301.6231(a)(6)-1T(a)(2) is unlawful and contrary to a plain reading of
sections 6221 and 6230. *See* Temp. Treas. Reg. § 301.6231(a)(6)-1T.
Under paragraph (a)(2), changes in a partner's tax liability with respect
to affected items that require partner-level determinations are
computational adjustments subject to deficiency procedures. Further,
penalties may be directly assessed following a partnership proceeding,
regardless of whether partner-level determinations are required. *See*
Temp. Treas. Reg. § 301.6231(a)(6)-1T.

We disagree with petitioners. Section 6230(k) dictates that "[t]he
Secretary shall prescribe such regulations as may be necessary to carry
out the purposes of this subchapter." Sections 6221 and 6230 are
ambiguous as to whether deficiency procedures apply to the assessment
of penalties determined at the partnership level, regardless of whether
partner-level determinations are required, and section 6230 directs the
Secretary to fill in such gaps via regulation. Considering the foregoing,

---

[5] Furthermore, even if we were to accept petitioners' contention that the legal
issue for years before 1997 remains unresolved, respondent notes that tax year 1996
arises solely as a net operating loss carryback claimed by petitioners from tax year
2001. We agree with respondent's contention here and find the adjustments in this
case to be affected items relating to tax year 2001.

**[\*8]** we conclude that the regulation is neither contrary to the statute nor otherwise unlawful.

Further, we disagree with petitioners' reading of section 6230(a)(2) and find Temporary Treasury Regulation § 301.6231(a)(6)-1T(a)(2) to be controlling here. *Manroe v. Commissioner*, T.C. Memo. 2020-16, at \*9; *Gunther v. Commissioner*, T.C. Memo. 2019-6, at \*8–15, *aff'd*, 789 F. App'x 836 (11th Cir. 2020); *see Highpoint Tower Tech. Inc. v. Commissioner*, 931 F.3d 1050, 1057–58 (11th Cir. 2019); *see also* I.R.C. § 6230(a)(1). Consistent with our prior decisions we find that we do not have jurisdiction to consider section 6662 penalties in this proceeding.

Accordingly, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction as to Penalties.

B.     *The Parties' Cross-Motions for Summary Judgment*

The parties have filed Cross-Motions for Summary Judgment. The sole issue with respect to the underlying tax deficiencies relates to whether the periods of limitations for assessment have expired. As explained above, the parties do not dispute that the tax deficiencies are subject to deficiency procedures, since they are affected items dependent upon factual determinations (other than a computational adjustment) relating to an adjustment made at the partner level. *See* I.R.C. § 6230(a)(2). Accordingly, we have jurisdiction to determine whether the notices of deficiency were timely issued.

Petitioners contend that the time for assessment has long run; while respondent contends the period of limitations remains open under section 6229(e). To determine who is entitled to judgment as a matter of law under Rule 121, we must address the following legal issues.

1.     *Has the Time for Assessment Against Petitioners Run?*

We must now look at whether the periods of limitations for assessing tax attributable to Palm Canyon's partnership items have expired with respect to petitioners. We have previously stated that section 6229 extends the period of limitations for section 6501 with respect to tax attributable to partnership items or affected items, and therefore we will not reexamine this issue. *See Estate of Quick v. Commissioner*, 110 T.C. 172, 181–82 (1998) ("Section 6501(a) provides generally that [the Commissioner] has 3 years from the date the return was filed in which to assess the tax. Section 6501(o) provides a

**[*9]** cross-reference to section 6229, which extends such period in the case of adjustments pertaining to partnership items or affected items."), *supplemented by* 110 T.C. 440 (1998); *Harris v. Commissioner*, 99 T.C. 121, 131 (1992) ("The section 6229 limitations period acts to extend the limitations period otherwise available under section 6501 when such period has otherwise expired."), *supplementing* T.C. Memo. 1990-80, *aff'd*, 16 F.3d 75 (5th Cir. 1994); *see also Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner*, 114 T.C. 533, 543 (2000) ("See section 6229(a) which extends the period of limitations for assessments of tax 'attributable to any partnership item (or affected item).'" (quoting *Maxwell v. Commissioner*, 87 T.C. 783, 791 n.6 (1986))).

The issuance of an FPAA triggers a suspension of the partnership item period of limitations. This suspension results by operation of section 6229(d)(2), which suspends the partnership item period of limitations from the date of the FPAA to the date the Court's decision becomes final in a proceeding contesting the adjustments.

Respondent acknowledges that the Court's decision in *Palm Canyon* became final on May 17, 2018, the date which was 90 days after the February 16, 2018, judgment by the D.C. Circuit. Respondent further acknowledges that the FPAA issued to Palm Canyon suspends the running of the periods of limitations for assessment against petitioners for partnership items or affected items for one year from the date this Court's decision becomes final under section 6229(d).

However, in this case, the notices of deficiency were not issued until March 12, 2021, over three years after the *Palm Canyon* decision became final. Citing section 6229(d), petitioners contend that the notices of deficiency are invalid since the periods of limitations in which to assess a tax deficiency expired on May 17, 2019—one year after the Court's decision in *Palm Canyon* became final on May 17, 2018. In response to petitioners' contention respondent argues that the periods of limitations for assessment against petitioners remain open under section 6229(e), since they are unidentified partners[6] who failed to furnish certain identifying information to the Internal Revenue Service (IRS).

---

[6] For purposes of these Motions we have assumed that the Hamels were not identified on the partnership return as indirect partners and, therefore, are unidentified partners under the Code.

**[\*10]**     2.     *Were Petitioners Unidentified Partners of Palm Canyon at the Time the Notices of Deficiency Were Issued?*

There are circumstances in which a partner's status as an unidentified partner will result in an extension of the period of limitations for assessment after a TEFRA proceeding. First, the period remains open if the partner has not been identified by submitting the required information to the IRS and remains open until one year after certain information is furnished to the Secretary. *See Gaughf Props., L.P. v. Commissioner*, 139 T.C. 219, 232–34 (2012), *aff'd*, 738 F.3d 415 (D.C. Cir. 2013). Second, the period remains open if the unidentified partner files inconsistently with the partnership's return and does not file a Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR). *Id.* at 237. In both situations the period of limitations for assessment of the unidentified partner is extended until one year after either the partner or the inconsistent filing is identified to the IRS. I.R.C. § 6229(e).

Temporary Treasury Regulation § 301.6229(e)-1T indicates that a partner remains unidentified for purposes of section 6229(e) until identifying information is furnished as provided in Temporary Treasury Regulation § 301.6223(c)-1T.[7]

Temporary Treasury Regulation § 301.6223(c)-1T provides in pertinent part:

> (a) In general. In addition to the names, addresses, and profits interests as shown on the partnership return, the Service will use additional information as provided in this section for purposes of administering subchapter C of chapter 63 of the Code.
> (b)    Procedure    for    furnishing    additional information—(1) In general. Any person may furnish additional information at any time by filing a written statement with the Service. . . .
> > (2)  Where  statement  must  be  filed.  A statement  furnished  under  this  section  shall

---

[7] Although not raised by the parties the Court notes the effective date for Treasury Regulation § 301.6223(c)-1 is for tax periods commencing after October 4, 2001. *See id.* para. (g). The years at issue here commenced before this date. In any event the text at issue in the final regulations appears identical to Temporary Treasury Regulation § 301.6223(c)-1T.

**[*11]** generally be filed with the service center with which the partnership return is filed. However, if the person filing the statement knows that the notice described in section 6223(a)(1) (beginning of an administrative proceeding) has already been mailed to the tax matters partner, the statement shall be filed with the Internal Revenue Service office that mailed such notice.

(3) Contents of statement. The statement shall—

(i) Identify the partnership, each partner for whom information is supplied, and the person supplying the information by name, address, and taxpayer identification number;

(ii) Explain that the statement is furnished to correct or supplement earlier information with respect to the partners in the partnership;

(iii) Specify the taxable year to which the information relates;

(iv) Set out the corrected or additional information, and

(v) Be signed by the person supplying the information.

(c) No incorporation by reference to previously furnished documents. Incorporation by reference of information contained in another document previously furnished to the Internal Revenue Service will not be given effect for purposes of sections 6223(c) or 6229(e). For example, reference to a return filed by a pass-thru partner which contains identifying information with respect to the indirect partners of that pass-thru partner is not sufficient to identify the indirect partners unless a copy of the document referred to is attached to the statement. . . .

(d) Information supplied by a person other than the tax matters partner. The Service may require appropriate verification in the case of information furnished by a person other than the tax matters partner. The 30–day period referred to in paragraph (b)(1) of this section shall not begin until that verification is supplied

. . . .

**[*12]** (f) Service may use other information. In addition to the information on the partnership return and that supplied on statements filed under this section, the Service may use other information in its possession (for example, a change in address reflected on a partner's return) in administering subchapter C of chapter 63 of the Code. However, the Service is not obligated to search its records for information not expressly furnished under this section.

According to petitioners, the information required by section 6229(e) was long held by the IRS, and this fact is confirmed by respondent's inviting petitioners to participate in a settlement initiative. Petitioners point to a Notice of Beginning of Administrative Proceeding issued by the IRS to petitioner Alan Hamel dated July 22, 2004, which included his name, address, and taxpayer identification number. However, we find these arguments do not address compliance with the foregoing requirements of Temporary Treasury Regulation § 301.6223(c)-1T.

Respondent argues that the information referred to in section 6229(e) was not furnished to the IRS since none of the documents received from petitioners satisfy the requirements of Temporary Treasury Regulation § 301.6223(c)-1T. We agree.

Petitioners, in opposition to respondent's Cross-Motion for Summary Judgment, essentially concede their failure to comply with the requirements of the regulation. In the alternative they contend that the regulation goes beyond—or is contrary to—the requirements of section 6229(e) and is therefore invalid. These same arguments, however, have already been considered and rejected by this Court. *See Gaughf Props., L.P.*, 139 T.C. at 246–49.

On the basis of our precedent requiring strict compliance we are compelled to conclude that petitioners remained unidentified partners for purposes of section 6229(e) on or after March 12, 2020, since they have failed to comply with the foregoing specified regulatory requirements. *See Gaughf Props., L.P.*, 139 T.C. at 240–49 (addressing the requirements of providing information to satisfy section 6229(e) and concluding that Temporary Treasury Regulation § 301.6223(c)-1T(b) applied, all information listed in paragraph (b)(3) was required, and the regulation was valid); *see also Walthall v. United States*, 131 F.3d 1289, 1296 (9th Cir. 1997); Temp. Treas. Reg. § 301.6223(c)-1T(f) (stating that IRS may use other information in its possession but is not required to).

**[\*13]** We hold that the periods of limitations for assessments of tax attributable to any partnership item (or affected item) under section 6229(d) against petitioners as to Palm Canyon remain open. We further hold that the notices of deficiency, which were issued to the Hamels on March 12, 2021, are valid. Accordingly, we will deny petitioners' Motion for Summary Judgment, and grant respondent's Motion for Summary Judgment.

We have considered all of the arguments that the parties have made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*